The Honorable Boyd Hickinbotham State Representative P.O. Box 326 Salem, AR 72576-0326
Dear Representative Hickinbotham:
You have requested an Attorney General opinion in response to the following question:
 Is it mandatory for a fire improvement district to pay the retirement system premiums[1] of its full-time fire fighters?
RESPONSE
The answer to this question will ultimately depend upon the particular retirement system in which the fire improvement district in question participates, and upon that system's terms of participation.
If the fire improvement district in question participates in either of the retirement systems for firefighters that are explicitly governed by state law, the improvement district is required to make certain contributions to the system on behalf of its fire fighters. State law provides for both a statewide retirement system for fire fighters (see
A.C.A. § 24-11-801 et seq.) and local retirement systems for fire fighters (see A.C.A. § 24-10-101 et seq.). Fire improvement districts are allowed to participate, depending upon the circumstances, in either of these systems. See A.C.A. §§ 24-10-102(5)(6); 24-10-301, -302;24-11-824.[2]
 If the district in question is one that participates in a local system governed by A.C.A. § 24-11-801 et seq., its required contributions to the system are stated in A.C.A. § 24-11-816, as follows:
 (4) Any municipality or fire protection district in which a firemen's pension and relief fund is established shall contribute to the firemen's pension and relief fund an amount:
(A) Not less than six percent (6%) of the fire fighter's salary; or
 (B) Equal to the contribution paid by any volunteer fire fighters who are members of the fund.
A.C.A. § 24-11-816(a)(4).
If the district participates in the state-wide system governed by A.C.A. § 24-10-101 et seq., its required contributions to the system are stated in A.C.A. § 24-10-405, as follows:
 (e) Each employer's contributions to the system shall be the total of the contribution amounts provided for in subsections (f) and (g) of this section, and the contributions shall be subject to the provisions of subsection (h) of this section.
 (f)(1) For each employer, the actuary shall annually compute the rate of contributions, expressed as a percent of active member pays, which will cover the benefit costs of its employees participating in the system.
 (2) The actuarial valuation determining the contribution rate shall be based upon such financial assumptions as shall be established by the board after consulting with the actuary.
 (3) The board shall annually certify to the governing body of each employer the contribution rate so determined, and each employer shall pay contributions based on that rate to the system during the employer's next fiscal year, which begins six (6) months or more after the date of the board certification.
 (4) The payments shall be made in such manner and form, and in such frequency, and shall be accompanied by such supporting data, as the board shall determine.
 (5) When received, the payments shall be credited to the employer's account in the employer accumulation account.
 (g) Each employer shall provide its share, as determined by the board, of the administrative expenses of the system and shall pay that amount to the system to be credited to the income-expense account.
 (h) The employer's total contributions to the system, expressed as a percent of active member pays, in any employer fiscal year beginning with the second fiscal year that the political subdivision is an employer, shall not exceed its total contributions for the immediately preceding fiscal year, expressed as a percent of active member pays, by more than one percent (1%).
A.C.A. § 24-10-405(e) — (h).
Both of the above-quoted statutory sections state the employer's contribution requirement using the mandatory term "shall."
On the basis of this unambiguous statutory language, I conclude that if the fire improvement district about which you have inquired participates in either of the retirement systems governed by these statutes, it must pay a required contribution, as defined in the statute, to the retirement system.
Assistant Attorney General Suzanne Antley prepared the foregoing opinion, which
I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:SA/cyh
[1] I am assuming that in using the term "premiums," you are referring to employer contributions that may be required by the retirement system as a condition to participation in the system. I note, however, that state law does allow the boards of certain fire protection districts to pay "premiums" on certain group insurance covering the members of the fire department. This provision of the law is permissive, rather than mandatory. It states:
 (e) The board of trustees of the firemen's relief and pension fund of any fire protection district formed pursuant to 14-284-101—14-284-121
may expend moneys from the firemen's relief and pension fund for the purpose of purchasing, and paying the premiums on, group insurance covering the members of the fire department of the district against accidental injury or death occurring in the line of duty.
A.C.A. § 24-11-824(e).
[2] It appears from the language of A.C.A. § 24-11-824 that only fire protection districts that were formed pursuant to A.C.A. § 14-284-101 etseq. are allowed to participate in the type of local retirement system that is governed by A.C.A. § 24-11-801 et seq.